FILED
IN CLERK'S OFFICE
2026 JAN -7 AM 11: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ONYX WHITE and SINCERE NORTHCROSS,
Plaintiffs,

v.

COMMONWEALTH OF MASSACHUSETTS;
CITY OF STURBRIDGE;
MASSACHUSETTS STATE POLICE;
MASSACHUSETTS REGISTRY OF MOTOR VEHICLES;
MASSACHUSETTS PAROLE BOARD;
BOSTON SUFFOLK SUPERIOR COURT PROBATION DEPARTMENT;
BOSTON MUNICIPAL COURT JUVENILE PROBATION DEPARTMENT;
TROOPER YASMIN P. SOBRINHO, Badge #4833;
TROOPER CHRISTOPHER TOBIN;
PROBATION OFFICER MELINDA RIORDAN;
PROBATION OFFICER CURBY;
STATE TROOPER INVESTIGATOR JOHN BANIK;
JOHN DOES (SUFFOLK SUPERIOR PROBATION SUPERVISORS) 1–10,
Defendants.

Civil Action No. _____

COMPLAINT AND JURY DEMAND

I. INTRODUCTION

Plaintiff Onyx White, an African-American Islamic man, and Plaintiff Sincere Northcross bring this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and related federal and Massachusetts law.

This case arises from a racially and religiously discriminatory traffic stop, fabricated police reports, false arrest, retaliatory administrative actions, and the knowing continuation of false probation and parole Violation proceedings, all initiated on April 9, 2025, and compounded by multiple state actors acting under color of law.

Defendants' actions violated Plaintiffs' clearly established rights under the First, Fourth, Eighth, and Fourteenth Amendments. These actions resulted in months of unlawful liberty deprivations, severe emotional and psychological injuries, economic loss, reputational harm, and ongoing medical and mental health consequences.

Judicial officers in multiple courts later reviewed body-worn camera footage and explicitly found Trooper Yasmin P. Sobrinho's statements not credible and materially false, confirming that the

prosecution was constitutionally invalid from its inception. Despite Material evidence including but not limited to Body worn camera footage and Documentation that exonerates the plaintiff, Defendants continued to rely on the falsified narrative, causing cascading and foreseeable harm.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
This action arises under 42 U.S.C. § 1983, the ADA, and 42 U.S.C. § 1988.
The Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.
Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Massachusetts.

## III. PARTIES

Plaintiff Onyx White is a resident of Boston, Massachusetts.
Plaintiff Sincere Northcross is Plaintiff White's brother and was a passenger during the traffic stop, Boston Ma.
Defendant Trooper Yasmin P. Sobrinho is a Massachusetts State Police trooper, sued in her individual and official capacities.
Defendant Trooper Christopher Tobin is a Massachusetts State Police trooper, sued in his individual and official capacities.
Defendant Massachusetts State Police is a state agency responsible for training, supervision, and discipline.
Defendant Massachusetts Parole Board conducted parole proceedings against Plaintiff White.
Defendant Boston Suffolk Superior Court Probation Department, including Probation Officer Melinda Riordan and supervisory John Does, initiated probation violation proceedings.
Defendant Boston Municipal Court Juvenile Probation Department, including Officer Curby, initiated parallel proceedings.
Defendant Massachusetts Registry of Motor Vehicles (RMV) suspended Plaintiff White's driver's license based on false submissions. Despite all criminal charges being dismissed against the plaintiff Onyx White. The RMV required onyx to pay 500 dollars to reinstate his massachusetts drivers licence this does not include additional fees and sanctions that onyx white still faces in order to reinstate his license, that is still suspended based on False criminal charges initiated by Ysmin Sobrinho and Christopher tobin on April 9 2025.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff Background

Plaintiff White is the Subject of an award-winning Documentary film, scriptwriter, artist, actor, activist, and content creator. He collaborated with GBH News on the documentary *Don't Judge Me*, which received a New England Emmy Award and an Edward R. Murrow Award.

At the time of the incident, Plaintiff White had confirmed professional engagements, including a scheduled April 9, 2025 business meeting in New York with music and entertainment executives. The documentary was actively being promoted for licensing and national distribution. Onyx White at all relevant times herein a multi talented Artist/Entertainer/Activistworking on Several Prosperous endeavors in the related field. As a

direct and foreseeable result of Defendants' unlawful conduct, Plaintiff White lost professional opportunities, licensing prospects, and income. Plaintiff Sincere Northcross at all relevant times herein was also an entertainer/artist pursuing a prosperous career in these fields. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff Sincere Northcross lost professional opportunities, and income.

B. April 9, 2025 Traffic Stop
On April 9, 2025, at approximately 5:00 p.m., Plaintiff White was lawfully driving in Massachusetts with his brother, Plaintiff Northcross.

Plaintiff White, a Black Islamic man, was wearing a traditional Islamic head wrap. Plaintiff Northcross, also Black, wore shoulder-length dreadlocks.

Defendant Trooper Sobrinho followed Plaintiff's vehicle for several miles, tailgating closely before activating emergency lights. Fearing for safety on a high-speed highway, Plaintiff White pulled into the breakdown lane. Trooper Sobrinho later falsely claimed Plaintiff stopped in a travel lane—an assertion contradicted by body-worn camera footage.

Trooper Sobrinho approached in a hostile and aggressive manner and questioned Plaintiffs about destination and purpose of travel without any lawful basis.

C. Fabrication, Threats, and Arrest
Trooper Sobrinho appeared to review Plaintiff White's CORI record and called for a tow and backup without probable cause. Defendant Trooper Tobin arrived and stood gripping his firearm in a threatening posture.

Trooper Sobrinho and Christpher Tobin forcibly opened Plaintiff White's door, removed him from the vehicle, handcuffed, and arrested him without lawful justification. No weapons or contraband were found.

Plaintiff Sincere Northcross was questioned while being held on scene, threatened, and made to feel unsafe and not free to leave. He was stranded in an unfamiliar location for hours, left without transportation or shelter, and forced to remain in the state police barracks until bail arrangements could be made for his Brother and plaintiff Onyx White. These actions caused Plaintiff Northcross severe emotional distress, fear, anxiety, physical symptoms of stress, and lasting trauma.

D. Disability and ADA Violations
Plaintiffs are individuals with mental health disabilities protected under the ADA and Plaintiff Onyx White receive treatment through the Massachusetts Department of Mental Health. Defendants failed to accommodate these disabilities and escalated the encounter despite visible distress, causing panic attacks and acute psychological harm.

E. Religious Discrimination and Retaliation
During transport, Trooper Sobrinho interrogated Plaintiff White about his religion, including questions about whether he was Christian or Catholic and if he goes to church. These inquiries

were unrelated to any alleged offense and demonstrate religious discrimination in violation of the First Amendment.

After Plaintiff White spoke publicly about the incident, Trooper Sobrinho retaliated by submitting false information to the RMV, resulting in an indefinite driver's license suspension.

F. Judicial Findings of Falsity and Institutional Ratification
On October 22, 2025, the Dudley District Court allowed Plaintiff White's motion to dismiss, finding materially false information submitted by Trooper Sobrinho. Multiple judges found her testimony not credible after reviewing body-worn camera footage.

Despite Defendants possessing such exonerating evidence stated herein —including the Massachusetts State Police, Investigator John Banik, probation departments, Massachusetts state parole, and RMV—continued to rely on the false narrative. These actions reflect systemic policies and customs amounting to deliberate indifference under *Monell v. Department of Social Services*.

- G. Injuries and Damages to Plaintiff Onyx White
  As a direct result of Defendants' actions, Plaintiff White suffered:
  • Unlawful loss of liberty and repeated court appearances
  • GPS monitoring, curfews, and travel restrictions
  • Severe anxiety, panic attacks, PTSD symptoms, night terrors
  • Asthma complications, hair loss, skin breakouts, physical pain
  • Online harassment, threats, and reputational harm
- Major Credit card debt about 10 thousand plus
- Negative impact on plaintiff Credit Score which has plummeted due to the defendants actions herein.
- Loss of major professional opportunities, including but not limited to televised and Streaming licensing deals. As well as losses or significantly negatively impacted New and Old television, film, music, and other associated financial Deals.
- Loss and/or Significantly diminished Opportunities at sponsor deals, speaking engagement deals.
- Loss and /or significantly diminished opportunities at College /universities/ event Bookings for performances and speaking engagement deals.
- Loss in career Opportunities.
- .• Loss of employment opportunities, including CDL training and mental health employment requiring a valid license
  • Inability to visit and assist close family members with life-threatening conditions
  • Ongoing emotional, physical, and financial harm with no foreseeable end

H. Injuries and Damages to Plaintiff Sincere Northcross
As a direct and proximate result of Defendants' conduct, Plaintiff Northcross suffered:
• Unlawful detention and intimidation by armed officers
• Severe emotional distress, fear, and anxiety
• Physical manifestations of stress

- Abandonment in an unfamiliar location without transportation
- Trauma from witnessing the unlawful arrest and mistreatment of his brother
- Ongoing psychological harm

Loss of Career Opportunities

---

## I. Judicial Findings of Falsity

On **October 22, 2025**, the Dudley District Court allowed Plaintiff's motion to dismiss, finding **materially false information provided to the Clerk-Magistrate**, citing *Commonwealth v. DiBenedetto* and *Commonwealth v. Duffy*.

Judges in **multiple probation courts** independently found Trooper Sobrinho's testimony **not credible** after reviewing body-worn camera footage.

Trooper Sobrinho failed to appear for court-ordered summonses, prolonging proceedings and trauma. At all relevant times, the institutional Defendants stated herein maintained **policies, practices, customs, or usages** that were the moving force behind the constitutional violations suffered by Plaintiff.

These policies and practices include, but are not limited to:

a. **Permitting and tolerating racially and religiously discriminatory traffic enforcement**, including pretextual stops of the Plaintiff Onyx white and his Brother sincere northcross, Black motorists without reasonable suspicion or probable cause;

b. **Failure to discipline or retrain troopers** who fabricate facts, submit materially false police reports, or provide false information to courts, clerks, probation departments, parole boards, and administrative agencies;

c. **Maintaining a custom of ratifying false police narratives**, even after body-worn camera footage contradicts those narratives;

d. **Allowing false police reports to be relied upon across multiple legal systems**—criminal court, probation, parole, and RMV—without independent verification;

e. **Failure to implement safeguards** ensuring that exculpatory evidence, including body-worn camera footage, is reviewed accurately before initiating probation, or administrative sanctions;

f. **Retaliation against individuals who criticize police misconduct**, including the use of administrative mechanisms such as RMV license suspensions to punish protected speech.

The Massachusetts State Police and **STATE TROOPER INVESTIGATOR JOHN BANIK**

through supervisors and internal review mechanisms, had **actual or constructive knowledge** that Trooper Yasmin P. Sobrinho's version of events was contradicted by body-worn camera footage and judicial findings, yet failed to correct, discipline, or withdraw the false reports.

> The Massachusetts Parole Board, Boston suffolk superior and juvenile probation departments, and the RMV **affirmatively relied** on those false reports despite readily available exculpatory evidence, thereby ratifying the unconstitutional conduct.

> These failures were **not isolated incidents**, but reflected systemic deficiencies in training, supervision, and accountability, demonstrating deliberate indifference to the constitutional rights of Black motorists and individuals under court supervision.

> As a direct and proximate result of these policies and customs, Plaintiff suffered prolonged loss of liberty, economic harm, reputational damage, and emotional distress.

> Accordingly, the institutional Defendants are liable under **Monell v. Department of Social Services, 436 U.S. 658 (1978)**.

---

## G. Compounding Harm by Defendants herein

> Despite possessing exculpatory evidence, probation and parole officials knowingly proceeded with violations.

> Plaintiff was subjected to **GPS monitoring, curfews, travel restrictions**, and repeated court appearances, And or hearings.

> Plaintiff ONYX WHITE have suffered night services, panic attacks, asthma, complications, hair loss, skin breakouts, acne, and more physical pain and harm. Online bullying/ Harassment and threats do to this situation.

> Online stalking by defendant(s) through these defendant(s) conduct.

> The plaintiff loses to Employment opportunities and Careers including but not limited to A Paid for CDL preparation and classes to receive a CDL certification to operate Large Vehicles on the road. Due to plaintiffs license being suspended he was not able to accomplish this, as well as numerous other employment including but not limited to employment at Vinfin, a mental health job that requires an active license.

> As well as employment that shunned away from Onyx due to having an open criminal case.

The plaintiff was restricted from Business Networking, Business endevors and opportunities and seeing close family in other states including but not limited to his Quadriplegic younger Brother who suffers from life threatening health complications, and has been suicidal and attempted to "pull the plug" on his own life if not for his brother onyx Whites interventions.

Night tremors, Panic Attacks, ailments from PTSD and other mental illnesses due to the Financial, Physical, emotional pain caused by the defendants.

Despite three previous criminal court Judges dismiss charges against the plaintiff Onyx White for underlining issues for falsely presenting material evidence stated herein including a Judge in The underlying criminal offense in the same court after Onyx motion for dismissal was allowed the Prosecutors took another attempt to falsely prosecute Onyx White in civil Trial for civil offense (speeding ect) attached to the criminal complaint that was previously deemed as materially false. These actions further exacerbated all the plaintiffs symptoms that were directly related to the defendants herein.

## V. CLAIMS FOR RELIEF

Count I — Fourth Amendment (42 U.S.C. § 1983)
Count II — Excessive Force (42 U.S.C. § 1983)
Count III — Malicious Prosecution (42 U.S.C. § 1983)
Count IV — Fourteenth Amendment Due Process
Count V — ADA Discrimination (42 U.S.C. § 12132)
Count VI — First Amendment Retaliation and Religious Discrimination
Count VII — Massachusetts Civil Rights Act (M.G.L. c. 12 §§ 11H–11I)
Count VIII — Defamation and False Light
Count IX — Intentional Infliction of Emotional Distress
Count X — Cruel and Unusual Punishment (42 U.S.C. § 1983)

## VI. PRAYER FOR RELIEF

A. Relief Requested by Plaintiff Onyx White
- Compensatory damages totaling $100,000,000
- Punitive damages totaling $100,000,000
- Declaratory and injunctive relief
- Restoration of driver's license
- Attorneys' fees and costs
- Any further relief deemed just

B. Relief Requested by Plaintiff Sincere Northcross
- Compensatory damages in the amount of $3,000,000 (SEPARATE AND IN ADDITION TO PLAINTIFF WHITE'S DAMAGES)
- Punitive damages against individual defendants

- Declaratory relief
- Any further relief deemed just

## VII. JURY DEMAND

Plaintiffs demand trial by jury on all triable issues.

## VIII. VERIFICATION (28 U.S.C. § 1746)

I, Onyx White, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on __1.7__, 20__26__

Onyx White, Pro Se
Boston, Massachusetts

## VII. JURY DEMAND

Plaintiffs demand trial by jury on all triable issues.

# VERIFICATION, AFFIDAVIT, AND DECLARATION

(28 U.S.C. § 1746)

I, **Onyx White**, am the Plaintiff in the foregoing action. I submit this Complaint as a **Verified Complaint**, and I further submit this Verification as a **sworn declaration and affidavit** in support thereof.

I have personal knowledge of the facts alleged in this Complaint, except as to matters stated upon information and belief, and as to those matters, I believe them to be true.

I declare, under penalty of perjury pursuant to **28 U.S.C. § 1746**, that the foregoing Complaint, including all factual allegations, exhibits, and incorporated statements, is **true and correct** to the best of my knowledge, information, and belief.

I further declare that this Verification is made voluntarily, knowingly, and intentionally, and that I understand that false statements made herein are punishable as a violation of federal law.

This Verified Complaint is submitted not only as a pleading under the Federal Rules of Civil Procedure, but also as a **sworn affidavit**, suitable for consideration by this Court in connection with motions to dismiss, motions for injunctive relief, summary judgment proceedings, and any other matters in which sworn testimony is permitted.