**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ONYX WHITE et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS et al.,<br><br>Defendants. | C.A. NO. 1:26-CV-10046 |

**COMMONWEALTH DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Commonwealth of Massachusetts ("Commonwealth"), Massachusetts State Police ("MSP"), Massachusetts Registry of Motor Vehicles ("RMV"), Massachusetts Trial Court ("Trial Court"), and Massachusetts Parole Board ("MAPB," collectively with MSP, RMV, Trial Court, the "State Agencies" and State Agencies collectively with Commonwealth, the "Commonwealth Defendants") respectfully move to dismiss *pro se* Plaintiffs' complaint against them in its entirety.[1]

The Plaintiffs lodge multiple charges against the Commonwealth Defendants ranging from alleged civil rights violations to defamation, all arising from a discrete set of facts concerning an allegedly improper traffic stop on April 9, 2025. The Plaintiffs are seeking money damages. Because the Commonwealth Defendants are immune from suit under the Eleventh Amendment, this Court has no jurisdiction over Plaintiffs' claims against them and the matter must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Further, because the complaint includes

[1] As of today, only Defendants MSP, MAPB, and Trial Court have been properly served. However, the arguments herein apply to all Defendants.

no factual allegations relating to the Commonwealth Defendants and *a fortiori* no factual allegations from which any claims may plausibly be inferred, the complaint must be dismissed against the Commonwealth Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

**FACTUAL ALLEGATIONS**[2]

On April 9, 2025, *pro se* Plaintiff Onyx White ("White") was pulled over by Trooper Yasmin P. Sobrinho ("Trooper Sobrinho"). (Complaint § IV, B.) His brother, *pro se* Plaintiff Sincere Northcross ("Northcross"), was in the passenger seat. *Id*. Trooper Sobrinho approached the vehicle in a hostile and aggressive manner and questioned Plaintiffs about their destination and the purpose of their travel. *Id*. Trooper Sobrinho called for backup while reviewing White's CORI record. *Id*. at § IV, C. Trooper Christopher Tobin ("Trooper Tobin") arrived on the scene, and he along with Trooper Sobrinho "opened Plaintiff White's door, removed him from the vehicle, handcuffed, and arrested him." *Id*. While being transported, Trooper Sobrinho questioned White about his religion, "including questions about whether he was Christian or Catholic and if he goes to church." *Id*. at § IV, E. Northcross was "questioned while being held on scene, threatened, and made to feel unsafe and not free to leave." *Id*. at § IV, C.

After White spoke publicly about the incident, Trooper Sobrinho submitted "false information to the RMV, resulting in an indefinite driver's license suspension." *Id*. at § IV, E. On October 22, 2025, the district court allowed White's motion to dismiss charges related to the traffic stop. *Id*. at § IV, F. It found that "materially false information [was] submitted by Trooper Sobrinho. *Id*. Multiple judges found her testimony not credible after reviewing body-worn camera footage." *Id*. Despite this, Defendants continued to "rely on the false narrative." *Id*.

---

[2] These allegations are taken as true for purposes of this motion only.

## STANDARD OF REVIEW

Jurisdictional questions are threshold issues that courts address first. *See Ross v. Deutsche Bank Nat'l Tr. Co.*, 933 F. Supp. 2d 225, 229 (D. Mass. 2013) ("When presented with a motion to dismiss a claim under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), 'a district court ... should ordinarily decide the 12(b)(1) motion first.'"), quoting *Northeast Erectors Ass'n of BTEA* v. *Secretary of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995). The party invoking federal jurisdiction, here the Plaintiffs, bears the burden of proving that the court from which they seek redress has jurisdiction over their claims. *See Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007), citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). For both the 12(b)(1) and 12(b)(6) motions to dismiss, the Court must "take as true all well-pleaded facts in the plaintiffs' complaint ... and draw all reasonable inferences therefrom in the plaintiffs' favor." *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009), citing *Muniz-Rivera v. United States*, 326 F.3d 8, 11 (1st Cir. 2003); *see also Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017), citing *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326-27 (1st Cir. 2016).

To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss. *Id.* at 678.

## ARGUMENT

The complaint must be dismissed because this Court lacks jurisdiction to hear the Plaintiffs' claims against the Commonwealth Defendants, and because the complaint fails to state a plausible claim to relief against the Commonwealth Defendants.

### I. THIS COURT LACKS JURISDICTION OVER THE PLAINTIFFS' CLAIMS AGAINST THE COMMONWEALTH DEFENDANTS.

Under the Eleventh Amendment, "states are immune ... from private suit in federal courts, absent their consent" for claims seeking money damages. *Greenless v. Almond,* 277 F.3d 601, 606 (1st Cir. 2002). This sovereign immunity extends to any entity that is an "arm of the state." *Wojcik v. Massachusetts State Lottery Comm'n,* 300 F. 3d 92, 99 (1st Cir. 2002); *see also Lebrón v. Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) ("[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") (citation omitted).

Sovereign immunity, however, is a "personal privilege" that a state "may waive at pleasure." *Arecibo Cmty. Health Care, Inc. v. Puerto Rico*, 270 F.3d 17, 24 (1st Cir. 2001), citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883). Congress may also abrogate the privilege pursuant to its enforcement powers under section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). The Plaintiffs can accordingly establish the Court's subject matter jurisdiction over their claims against the Commonwealth Agencies only if either the Commonwealth has waived sovereign immunity or if Congress has abrogated it. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984); *Wolski v. Gardner Police Dep't*, 411 F. Supp. 3d 187, 192 (D. Mass. 2019). Courts apply a stringent test in determining whether there has been a waiver: the state, through its legislature, must have specified "[its] intention to subject itself to suit in *federal court*." *Atascadero State*

*Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (emphasis in original); *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction'."), quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909).

Plaintiffs bring the following charges against the Commonwealth Defendants:

- Violation of the First, Fourth, and Fourteenth Amendments (42 U.S.C. § 1983) (Complaint Counts I, IV, VI);
- Excessive Force, Malicious Prosecution, and Cruel and Unusual Punishment (brought under 42 U.S.C. § 1983) (Complaint Count II, III, X);
- Discrimination under the American with Disabilities Act ("ADA") (42 U.S.C. § 12132) (Complaint Count V);
- Violation of the Massachusetts Civil Rights Act ("MCRA") (M.G.L. c. 12 §§ 11H-11I) (Complaint Count VII); and
- The intentional torts of intentional infliction of emotional distress and defamation and false light (Complaint Counts VIII and IX).

The Commonwealth has not waived immunity from suit in federal court against any of Plaintiffs' counts, and this Court therefore does not have jurisdiction to hear Plaintiffs' claims against the Commonwealth Defendants.

*A. This Court Lacks Jurisdiction over Plaintiffs' Allegations of Civil Rights Violations (Counts I-IV, VI, VII, X).*

"It is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." *Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir.1991), citing *Will*, 491 U.S. at 71; *see also Anderson*, 2013 WL 1629122 at *5. Neither the Commonwealth nor its agencies are persons subject to suit under 42 U.S.C. § 1983. *See Will*, 491 U.S. at 71. Similarly, only a "person" is subject to liability under

the Massachusetts Civil Rights Act, G.L. c. 12 §§ 11H and 11I. *See Commonwealth v. Elm Medical Laboratories, Inc.*, 33 Mass. App. Ct. 71, 76–77 (1992) (holding that by enacting the MCRA, the legislature did not intend to abolish sovereign immunity for the acts described in §§ 11H and 11I); *see also Anderson*, 2013 WL 1629122 at *3, ("the Commonwealth, including its agencies, is not a 'person' subject to suit [under the Massachusetts Civil Rights Act]"), quoting *Williams v. O'Brien,* 78 Mass. App. Ct. at 173. Plaintiffs' MCRA claim against the Commonwealth Defendants therefore must be dismissed.

Moreover, Plaintiffs' claim under the ADA is barred by sovereign immunity because Plaintiffs cannot show that the Commonwealth's sovereign immunity has been abrogated with respect to their ADA claim. *See United States v. Georgia*, 546 U.S. 151, 159 (2006); *Buchanan v. Maine*, 469 F.3d 158, 172 (1st Cir. 2006); *Cox v. Mass. Dep't of Correction*, 2018 WL 1586019, at *9 (D. Mass. Mar. 31, 2018); *Buchanan ex rel. Estate of Buchanan v. Maine*, 417 F. Supp. 2d 24, 39-40 (D. Me. 2006).

Accordingly, this Court lacks jurisdiction over Plaintiffs' allegations that the Commonwealth Defendants violated their civil rights under either the United States constitution or the Massachusetts Civil Rights Act, and these counts must be dismissed.

*B. This Court Lacks Jurisdiction over Plaintiffs' Allegations under the Massachusetts Torts Claims Act (Counts VIII and IX).*

The Massachusetts Tort Claims Act ("MTCA") operates as a limited waiver of sovereign immunity. As a preliminary matter, this waiver does not extend to intentional torts, which may not be brought against the Commonwealth or its agencies in any court. *See* G.L. c. 258, § 10(c) (the Commonwealth is immune from suit on any claim arising out of an intentional tort, expressly including assault, battery, malicious prosecution, malicious abuse of process, and invasion of privacy); *Nelson v. Salem State Coll.*, 446 Mass. 525, 537 (2006). Where the MTCA

does waive immunity (for matters of negligence), it provides that "public employers shall be liable ... in the same manner and to the same extent as a private individual .... [and][t]he superior court shall have jurisdiction of all civil actions brought against a public employer." G. L. c. 258, §§ 2, 3. As referenced above, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst,* 465 U.S. at 98 (emphasis in original). Importantly, the "'language [of § 3 cited above] does not refer to actions in federal court, hence failing to meet the strict standard of eleventh amendment waiver . . . . This [is] an end to the matter ....'" *Rivera v. Com. of Mass.*, 16 F. Supp. 2d 84, 87 (D. Mass. 1998), quoting *Della Grotta v. Rhode Island,* 781 F.2d 343, 346 (1st Cir. 1986) (overruled on other grounds, *Will*, 491 U.S. at 71).

Accordingly, as a federal court, this Court lacks subject matter jurisdiction over all claims brought against the Commonwealth Defendants under the MTCA, and those counts must be dismissed.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE COMMONWEALTH DEFENDANTS.

The Complaint includes no factual allegations about any of the Commonwealth Defendants. Indeed, the only allegations about the Commonwealth Defendants are that they followed the administrative process triggered by the April 9, 2025, traffic stop and allegedly employed individuals. The following is the ***sum total*** of all allegations against the Commonwealth Defendants:

> MSP: It is a state agency responsible for training, supervision, and discipline. (Complaint § III).
>
> RMV: Suspended Plaintiff White's driver's license based on traffic stop that occurred on April 9, 2025. (Complaint § IV, E); required White to pay $500 to reinstate his Massachusetts driver's license. (Complaint § III).

Trial Court: Initiated probation violation proceedings. (Complaint § III).

MAPB: Conducted parole proceedings against White. (Complaint § III).

Essentially, all Plaintiffs have stated is that the Commonwealth Defendants are state agencies that carried out their respective established administrative processes. This is not enough to plausibly suggest that the Commonwealth Defendants violated Plaintiffs' rights or did anything improper at all. For these reasons, the Complaint must be dismissed under Federal Rules of Civil Procedure 12(b)(6).

## CONCLUSION

For all the reasons provided above, Defendants Commonwealth of Massachusetts, Massachusetts State Police, Massachusetts Registry of Motor Vehicles, Massachusetts Trial Court, and Massachusetts Parole Board respectfully request that the Plaintiffs' complaint be dismissed against them in its entirety.

Respectfully Submitted,

Defendants,

COMMONWEALTH OF MASSACHUSETTS,
MASSACHUSETTS STATE POLICE,
MASSACHUSETTS REGISTRY OF MOTOR VEHICLES, MASSACHUSETTS TRIAL COURT,
and MASSACHUSETTS PAROLE BOARD

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Dayana Donisca*
Dayana Donisca (BBO # 709120)
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place
Boston, MA 02108
(617) 963-2569

Date: October 8, 2026

dayana.donisca3@mass.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on October 8, 2026.

Onyx White, *pro se*
670 Utoy Court
Jonesboro, GA 30328

Sincere NorthCross, *pro se*
27 Hartford Street
Boston, MA 02125

*/s/ Dayana Donisca*
Dayana Donisca
Assistant Attorney General