**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ONYX WHITE et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS et al.,<br><br>Defendants. | C.A. NO. 1:26-CV-10046 |

**DEFENDANTS' MELINDA RIDORE AND BRENDAN KIRBY'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Probation Officer Melinda Ridore ("Ridore") and Assistant Chief Probation Officer Brendan Kirby ("Kirby") respectfully move to dismiss Plaintiffs' complaint against them in its entirety.[1] The Plaintiffs lodge multiple charges against the Defendants ranging from alleged civil rights violations to defamation, all arising from a discrete set of facts concerning an allegedly improper traffic stop on April 9, 2025. As a result, the Plaintiffs are seeking money damages.

First, because the Defendants are immune from suit under the Eleventh Amendment, this Court has no jurisdiction over Plaintiffs' claims against them and the matter must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Second, because the complaint includes no factual allegations relating to Defendants and *a fortiori* no factual allegations from which any claims may plausibly be inferred, the complaint must be dismissed against the Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Finally, even if Plaintiffs have pled viable claims against Ridore and

---

[1] As of today, only Defendant Kirby has been properly served. However, the arguments herein apply to both Defendants.

Kirby in their individual capacities, dismissal would nevertheless be required because the Defendants have qualified immunity from suit on these claims.

## **FACTUAL ALLEGATIONS**[2]

Plaintiffs allege that on April 9, 2025, *pro se* Plaintiff Onyx White ("White") was pulled over by Trooper Yasmin P. Sobrinho ("Trooper Sobrinho"). (Complaint § IV, B.) His brother, *pro se* Plaintiff Sincere Northcross ("Northcross"), was in the passenger seat. *Id*. Trooper Sobrinho approached the vehicle in a hostile and aggressive manner and questioned Plaintiffs about their destination and the purpose of their travel. *Id*. Trooper Sobrinho called for backup while reviewing White's CORI record. *Id*. at § IV, C. Trooper Christopher Tobin ("Trooper Tobin") arrived on the scene, and he along with Trooper Sobrinho "opened Plaintiff White's door, removed him from the vehicle, handcuffed, and arrested him." *Id*. While being transported, Trooper Sobrinho questioned White about his religion, "including questions about whether he was Christian or Catholic and if he goes to church." *Id*. at § IV, E. Northcross was "questioned while being held on scene, threatened, and made to feel unsafe and not free to leave." *Id*. at § IV, C.

After White spoke publicly about the incident, Trooper Sobrinho submitted "false information to the RMV, resulting in an indefinite driver's license suspension." *Id*. at § IV, E. On October 22, 2025, the district court allowed White's motion to dismiss charges related to the traffic stop. *Id*. at § IV, F. It found that "materially false information [was] submitted by Trooper Sobrinho. Multiple judges found her testimony not credible after reviewing body-worn camera footage." *Id*. Despite this, Plaintiffs allege that the Defendants continued to "rely on the false narrative." *Id*.

---

[2] These allegations are taken as true for purposes of this motion only.

## STANDARD OF REVIEW

Jurisdictional questions are threshold issues that courts address first. *See Ross v. Deutsche Bank Nat'l Tr. Co.*, 933 F. Supp. 2d 225, 229 (D. Mass. 2013) ("When presented with a motion to dismiss a claim under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), 'a district court ... should ordinarily decide the 12(b)(1) motion first.'"), quoting *Northeast Erectors Ass'n of BTEA* v. *Secretary of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995). The party invoking federal jurisdiction – here the plaintiffs – bears the burden of proving that the court from which they seek redress has jurisdiction over their claims. *See Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007), citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). For both the 12(b)(1) and 12(b)(6) motions to dismiss, the Court must "take as true all well-pleaded facts in the plaintiffs' complaint ... and draw all reasonable inferences therefrom in the plaintiffs' favor." *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009), citing *Muniz-Rivera v. United States*, 326 F.3d 8, 11 (1st Cir. 2003); *see also Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017), citing *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326-27 (1st Cir. 2016).

To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss. *Id.* at 678.

## ARGUMENT

The complaint must be dismissed because this Court lacks jurisdiction to hear the Plaintiffs' claims against the Defendants in their official capacities, and because the complaint fails to state a plausible claim of relief against the Defendants in their individual capacities.

### I. THIS COURT LACKS JURISDICTION OVER THE PLAINTIFFS' CLAIMS AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES.

Where allegations are brought against a state actor in their official capacity, "the claims must be read as having been brought against the Commonwealth itself." *Anderson v. Heffernan*, No. CIV.A. 12-12173-FDS, 2013 WL 1629122, at *4 (D. Mass. Apr. 9, 2013); *see also Kentucky v. Graham,* 473 U.S. 159, 165 (1985) ("Official-capacity suits ... generally represent only another way of pleading an action against an entity of which the officer is an agent.") (internal quotation marks and citation omitted); *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."), quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiffs' official-capacity counts are effectively brought against the Commonwealth of Massachusetts.

Under the Eleventh Amendment, "states are immune ... from private suit in federal courts, absent their consent" for claims seeking money damages. *Greenless v. Almond,* 277 F.3d 601, 606 (1st Cir. 2002). This sovereign immunity extends to any entity that is an "arm of the state." *Wojcik v. Massachusetts State Lottery Comm'n,* 300 F. 3d 92, 99 (1st Cir. 2002); *see also Lebrón v. Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) ("[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") (citation omitted).

State sovereign immunity applies unless that immunity is either waived by the state or abrogated by Congress. *See Arecibo Cmty. Health Care, Inc. v. Puerto Rico*, 270 F.3d 17, 24 (1st Cir. 2001), citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883) (Sovereign immunity is a "personal privilege" that a state "may waive at pleasure."); *See also Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) (congress may abrogate the privilege pursuant to its enforcement powers under section 5 of the Fourteenth Amendment).

Accordingly, in order for the Plaintiffs to establish the Court's subject matter jurisdiction over their claims against Commonwealth agencies they must show that either the Commonwealth has waived sovereign immunity or that Congress has abrogated it. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984); *Wolski v. Gardner Police Dep't*, 411 F. Supp. 3d 187, 192 (D. Mass. 2019). Courts apply a stringent test in determining whether there has been a waiver: the state, through its legislature, must have specified "[its] intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (emphasis in original); *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"), quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909).

Plaintiffs bring the following charges against the Defendants:

- Violation of the First, Fourth, and Fourteenth Amendments (42 U.S.C. § 1983) (Complaint Counts I, IV, VI);
- Excessive Force, Malicious Prosecution, and Cruel and Unusual Punishment (brought under 42 U.S.C. § 1983) (Complaint Count II, III, X);
- Discrimination under the American with Disabilities Act ("ADA") (42 U.S.C. § 12132) (Complaint Count V);

- Violation of the Massachusetts Civil Rights Act ("MCRA") (M.G.L. c. 12 §§ 11H-11I) (Complaint Count VII); and
- The intentional torts of intentional infliction of emotional distress and defamation and false light (Complaint Counts VIII and IX).

The Commonwealth has not waived immunity from suit in federal court against any of Plaintiffs' counts, and this Court therefore does not have jurisdiction to hear Plaintiffs' claims against the Defendants in their official capacities.

*A. This Court Lacks Jurisdiction over Plaintiffs' Allegations of Civil Rights and ADA Violations (Counts I-V, VI, VII, X).*

"It is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." *Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir.1991), citing *Will*, 491 U.S. at 71; *see also Anderson*, 2013 WL 1629122 at *5. Neither the Commonwealth nor its agencies are persons subject to suit under 42 U.S.C. § 1983. *See Will*, 491 U.S. at 71. Similarly, only a "person" is subject to liability under the Massachusetts Civil Rights Act, G.L. c. 12 §§ 11H and 11I. *See Commonwealth v. Elm Medical Laboratories, Inc.,* 33 Mass. App. Ct. 71, 76–77 (1992) (holding that by enacting the state Civil Rights Act, the legislature did not intend to abolish sovereign immunity for the acts described in §§ 11H and 11I); *see also Anderson*, 2013 WL 1629122 at *3, ("the Commonwealth, including its agencies, is not a 'person' subject to suit [under the Massachusetts Civil Rights Act]"), quoting *Williams v. O'Brien,* 78 Mass. App. Ct. at 173. Plaintiffs' MCRA claim against the Commonwealth Defendants therefore must be dismissed.

Moreover, Plaintiffs' claim under the ADA is barred by sovereign immunity because Plaintiffs cannot show that the Commonwealth's sovereign immunity has been abrogated with respect to their ADA claim. *See United States v. Georgia*, 546 U.S. 151, 159 (2006); *Buchanan v.*

*Maine*, 469 F.3d 158, 172 (1st Cir. 2006); *Cox v. Mass. Dep't of Correction*, 2018 WL 1586019, at *9 (D. Mass. Mar. 31, 2018); *Buchanan ex rel. Estate of Buchanan v. Maine*, 417 F. Supp. 2d 24, 39-40 (D. Me. 2006).

Accordingly, this Court lacks jurisdiction over Plaintiffs' allegations that the Defendants in their official capacities violated their civil rights under either the United States constitution or the Massachusetts Civil Rights Act, and these counts must be dismissed.

*B. This Court Lacks Jurisdiction over Plaintiffs' Tort Allegations under the Massachusetts Torts Claims Act (Counts VIII and IX).*

The Massachusetts Tort Claims Act ("MTCA") operates as a limited waiver of sovereign immunity. As a preliminary matter, this waiver does not extend to intentional torts, which may not be brought against the Commonwealth or its agencies in any court. *See* G.L. c. 258, § 10(c) (the Commonwealth is immune from suit on any claim arising out of an intentional tort, expressly including assault, battery, malicious prosecution, malicious abuse of process, and invasion of privacy); *Nelson v. Salem State Coll.*, 446 Mass. 525, 537 (2006). Where the MTCA does waive immunity (for matters of negligence), it provides that "public employers shall be liable ... in the same manner and to the same extent as a private individual .... [and] [t]he superior court shall have jurisdiction of all civil actions brought against a public employer." G. L. c. 258, §§ 2, 3. As referenced above, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst,* 465 U.S. at 98 (emphasis in original). Importantly, the "'language [of § 3 cited above] does not refer to actions in federal court, hence failing to meet the strict standard of eleventh amendment waiver . . . . This [is] an end to the matter ....'" *Rivera v. Com. of Mass.*, 16 F. Supp. 2d 84, 87 (D. Mass. 1998), quoting

*Della Grotta v. Rhode Island,* 781 F.2d 343, 346 (1st Cir. 1986) (overruled on other grounds, *Will*, 491 U.S. at 71).[3]

Accordingly, as a federal court, this Court lacks subject matter jurisdiction over all claims brought against the Defendants in their official capacities under the MTCA, and those counts must be dismissed.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.

The Complaint includes no factual allegations about any of the Defendants. As a preliminary matter, the Defendants submit that this is insufficient to lodge a personal claim against them, and the complaint should be read as naming them in their official capacities only. *See*, *e.g.*, *Pena v. Gardner*, 976 F.2d 469, 474 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (Nelson, J., concurring) (courts must "analyze the specifics of the conduct involved when determining whether a suit is against an official in his or her 'official' or 'individual' capacity" and not merely "glance at the caption"). Indeed, the only allegations about the Defendants are that they followed the administrative process triggered by the April 9, 2025, traffic stop. The only allegations against Ridore and Kirby are that they were probation officers who initiated probation violation proceedings. (Complaint § III).

[3] Plaintiffs' claims should also be dismissed because Plaintiffs' failed to make proper presentment under the MTCA, which requires that "[a] civil action shall not be instituted against a public employer... under [the MTCA] unless the claimant shall have first presented his claim in writing to the executive officer of such public employer..." *Gilmore* v. *Commonwealth*, 417 Mass. 718, 721 (1994); *Garcia* v. *Essex County Sheriff's Dept*., 65 Mass. App. Ct. 104, 107 (2005). Proper presentment "is a statutory condition precedent to recovery under [the MTCA]," *Lodge v. Dist. Attorney of Suffolk Dist.*, 21 Mass. App. Ct. 277, 284 (1985); it must be completed "prior to instituting an action," *Rodriguez v. City of Somerville*, 472 Mass. 1008, 1010-1011 (2015); and a "failure to do so is fatal to the plaintiff's complaint," *Drake v. Town of Leicester*, 484 Mass. 198, 199 (2020).

Essentially, all Plaintiffs have stated is that the Defendants occupied certain roles. This is not enough to plausibly suggest that the Defendants violated Plaintiffs' rights or did anything improper at all.

Individual capacity suits are appropriate only where a complaint alleges actions beyond the scope of a person's designated powers. *Id.* Here, plaintiffs allege nothing remotely suggesting *ultra vires* action on the part of the Defendants. On the contrary, *only* their offices are described. Since the gravamen of the complaint is clearly directed toward the Defendants' offices, the complaint should be so interpreted. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997) ("[t]he real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading."); *Bradley-Aboyade v. Crozier*, No. 2:19-CV-01098-TLN-AC, 2020 WL 4475088, at *8 (E.D. Cal. Aug. 4, 2020) (allowing motion to dismiss and finding that "[t]he Eleventh Amendment therefore applies and bars Plaintiff's claim" despite naming defendant in individual capacity where, based on the allegations of the complaint, defendant "was acting within his official rather than individual capacity").[4]

Even setting aside the issue of whether the complaint successfully charges the Defendants in their individual capacities, the complaint must be dismissed for failure to state a claim. The complaint includes no allegations stating, hinting at, or in any way suggesting that any of the Defendants were present for the April 9, 2025, traffic stop. Therefore, there can be no plausible suggestion that any of the Defendants personally engaged in an intentional tort or committed a civil rights violation in connection with those events. *See Soto v. Flores*, 103 F.3d 1056, 1061-62

[4] *Idaho* concerned declaratory and injunctive relief rather than money damages. The Defendants contend nonetheless that it is an "empty formalism," *Idaho*, 521 U.S. at 270, to allow Plaintiffs to proceed against individual defendants where the Plaintiffs' allegations include the parameters of an official office only.

(1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997) (to bring a claim under Section 1983 a plaintiff must allege conduct which would constitute, or at least plausibly suggest, a deprivation of constitutional rights); *Stone v. Caswell*, 963 F. Supp. 2d 32, 37 (D. Mass. 2013) (same as to Massachusetts Civil Rights Act). Nor can the Defendants be held liable under a supervisory liability theory. *See Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994) ("superior officer cannot be held vicariously liable under 42 U.S.C. § 1983 on a *respondeat superior* theory"), citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978).

In short, where there are no allegations connecting any of the Defendants with the wrongs allegedly perpetrated, the Plaintiffs' complaint must be dismissed. *See*, *e.g.*, *Feliciano v. DuBois*, 846 F. Supp. 1033, 1045 (D. Mass. 1994) ("The Governor's and the Attorney General's obligations to enforce or execute state laws do not make them responsible for the specific acts of correctional officials."); *Bruyette v. Patrick*, No. CA 13-12727-DJC, 2013 WL 6708998, at *2 (D. Mass. Dec. 16, 2013) ("Bruyette's complaint fails to set forth any legal or factual bases for including Governor Patrick . . . as defendant[]. There are no allegations of any direct involvement in the [proceedings at issue]; indeed, there are no allegations at all.").

Even if Plaintiffs had alleged any specific actions taken by the Defendants, which they have not, a claim of negligence against individual capacity Commonwealth employees acting within the scope of their employment is barred by the immunity provisions of the MTCA. *See* G.L. c. 258 § 2.

For these reasons, the Complaint must be dismissed against the Defendants in their individual capacities.

## III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AND THEREFORE PLAINTIFFS' INDIVIDUAL CAPACITY CLAIMS ARE BARRED.

Even if Plaintiffs' complaint were deemed to state a claim and construed to run against Defendants in their individual capacities, the complaint must be dismissed because the Defendants are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), quoting *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818 (1982)..[5] Qualified immunity is an immunity from suit, rather than a defense to liability. *Id*. Accordingly, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *Id*. at 232; *Estate of Rahim v. Doe*, 51 F.4th 402, 410 (1st Cir. 2022) (observing that "courts must assess whether a plaintiff's allegations . . . make out a claim sufficient to overcome qualified immunity before . . . authorizing discovery"). Once qualified immunity is raised, the burden shifts to the Plaintiff to show that it doesn't apply. *See Escalera-Salgado v. United States*, 911 F.3d 38, 41 (1st Cir. 2018) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to show that the defense is inapplicable."); *Maxwell v. AIG Dom. Claims, Inc.*, 460 Mass. 91, 104 (2011).

Courts follow a two-step inquiry in assessing a claim of qualified immunity, considering: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Penate v. Hanchett*, 944 F.3d 358, 366 (1st Cir. 2019) (quoting *Rocket Learning, Inc. v. Rivera-Sanchez*, 715 F.3d 1, 8 (1st Cir. 2013)). A plaintiff must satisfy "both prongs" of this test "to overcome a qualified immunity defense," *Raiche v. Pietroski*, 623 F.3d 30, 35 (1st Cir. 2010),

---

[5] Whether an official's alleged conduct violated a clearly established right is "essentially a legal question" for a court to decide. *Mitchell v. Forsyth,* 472 U.S. 511, 526-529 (1985).

and courts need not address both prongs if the plaintiff fails to satisfy one of them, *see, e.g., Eldredge v. Town of Falmouth*, 662 F.3d 100, 105-07 (1st Cir. 2011). For the reasons discussed above, Plaintiffs cannot meet their burden to overcome Defendants' qualified immunity defense. Plaintiffs fail to plausibly allege that Defendants violated their constitutional rights

**CONCLUSION**

For all the reasons provided above, Defendants Probation Officer Melinda Ridore and Assistant Chief Probation Officer Brendan Kirby respectfully request that the Plaintiffs' complaint be dismissed against them in its entirety.

Respectfully Submitted,

Defendants,

MELINDA RIDORE (in her official and individual capacity) AND BRENDAN KIRBY (in his official and individual capacity),

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Dayana Donisca*
Dayana Donisca (BBO # 709120)
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place
Boston, MA 02108
(617) 963-2569
dayana.donisca3@mass.gov

Date: October 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on October 21, 2026.

Onyx White, *pro se*
670 Utoy Court
Jonesboro, GA 30328

Sincere NorthCross, *pro se*
27 Hartford Street
Boston, MA 02125

*/s/ Dayana Donisca*
Dayana Donisca
Assistant Attorney General